Fogarty v. Sparks.

---

## FOGARTY v. SPARKS et al.

UNDER a writ of restitution issued upon a judgment in favor of the plaintiff, in an action of ejectment, it is the duty of the officer serving the writ to remove from the premises the parties defendant and all persons who have derived possession from them since the commencement of the action, with notice actual or constructive, and also all other persons, although not parties or in privity with them, who have acquired possession subsequent to the filing of a *lis pendens* in the action, or with actual notice of its pendency.

A person in possession of the premises at the time of the commencement of the action of ejectment, unless made a party defendant, is not affected by the

judgment, nor can he, or those holding under him, be dispossessed by a writ of restitution issued thereon.

In an application for *mandamus* to compel a Sheriff to remove from possession of the premises, under a writ of restitution, an occupant who was not a party to the action, it must be shown distinctly by the affidavits that his possession was acquired under the parties or subsequent to the filing of a *lis pendens*. If these matters are left in doubt the application will be denied.

APPEAL from the Fourth Judicial District.

The facts are stated in the opinion.

*John Currey,* for Appellant.

Hervey Sparks, as the owner of the premises, and having the right to the possession and enjoyment thereof, could at any time enter into the possession and enjoyment of the same, whether before or after the commencement of the action of plaintiff, provided he did so without violence. He had rights that could not be lawfully jeoparded by the action and judgment of Fogarty. His possession and right of possession was and is independent of and without any privity with either the plaintiff or any of the defendants in that action; and therefore, though his tenant was let into the possession after filing the notice of *lis pendens*, and after the judgment was obtained, neither the landlord nor his tenant could be affected by such notice, because such notice could only affect subsequent purchasers or incumbrancers deriving some interest in the premises by, through, or under the defendants, or some of them. (*Richardson* v. *White*, 18 Cal. 105–108; Practice Act, Sec. 27.)

Hervey Sparks has not had his " Day in the Court," and hence cannot be justly prejudiced by the action and judgment of Fogarty, nor by anything depending on such judgment. (*Bloom* v. *Burdick*, 1 Hill, 139.)

It is said on behalf of Fogarty that the verdict in his action was conclusive that he was peaceably in actual possession at the time of the entry of defendants. But will it be insisted that it was conclusive as to others than the defendants and those holding in privity with them? A position that such is the effect of a judgment, except as to parties and privies, results in the denial to a party who has had no opportunity of being heard in his own behalf, of any

defense of his right whatever. The case of *Fremont* v. *Crippen* (10 Cal. 214), cited for plaintiff, does not establish or tend to establish any such doctrine.

At common law the right of the owner of the land stood protected from a judgment obtained by the default of the tenant or by collusion between the plaintiff and the tenant in possession, as also from a judgment recovered against a casual ejector.

In this State, the tenant in possession (if there be any) is not bound under any penalty whatever to give notice to his landlord of an action brought against him (the tenant) to recover the possession of the land. And it is at least doubtful under the decisions of this Court, whether the owner, who is not in actual personal possession, has the right to appear in his own name and become a defendant in the action of ejectment brought against a third person. (*Garner* v. *Marshall*, 9 Cal. 270 ; *Klink* v. *Cohen*, 13 Id. 624.)

In *Garner* v. *Marshall*, the Court say : " Ejectment is a possessory action, and must be brought against the occupant ; it determines no rights but those of possession at the time, and it matters not who has, or claims to have, the title of the premises."

In *Ex parte Reynolds* (1 Caines, 500), Spencer, J. said : " It is a settled rule of practice that no tenant who was in possession anterior to the commencement of an ejectment, can be dispossessed upon a judgment and writ of possession."

In *Jackson* v. *Stiles* (5 Cow. 418), it appeared that previous to the judgment, the defendant had extinguished all the rights adverse to him except three-eighths of the premises, but the plaintiff had perfected judgment for the whole, and had taken possession generally by a writ of possession. The Court held that the plaintiff had taken possession beyond his right, though the execution was unqualified, and ordered that the defendant be restored to five-eighths of the premises. (See also 4 Ala. 592 ; 4 Dana, 369 ; 6 B. Monroe, 62 ; 7 Halsted, 277.) Hervey Sparks had been the owner and in possession since February, 1859. This was alleged by the answer, and was not gainsayed by the relator.

That the Sheriff could properly refuse to execute the writ to the extent of turning Kennelly out of possession, there seems to be no reason to doubt. (*Earl* v. *Camp*, 16 Wend. 567, 568.)

Fogarty *v.* Sparks.

The Court that rendered the judgment in the case of Fogarty had not acquired jurisdiction of either Hervey Sparks or his tenant, Kennelly; and the writ, it may be presumed, did not require the Sheriff to deliver the possession of the premises that were in Kennelly's actual possession, to the plaintiff, who had no right to the possession thereof as against Hervey Sparks and his tenant. (Practice Act, Sec. 210, Sub. 4.)

*E. A. Lawrence,* for Respondent.

I.   This application was made below, before the same Court which tried the suit of *Fogarty* v. *Sparks et al.;* and it was a matter entirely in the discretion of that Court whether to order an issue to be tried by a jury or not.   (Pr. Act, Sec. 472.)

The answer of the Sheriff being insufficient as a return, the Court properly granted the order.   (*People* v. *Collins,* 7 Wend. 549; *Rinekell* v. *Winemiller,* 4 Har. & McHen. 429; 2 Burrill's Pr. 178, "Return to writ," and cases there cited.)   The return must be certain.   Every allegation therein must be direct, and be stated in the most unqualified manner with certainty and plainness.   (*Commonwealth* v. *Commissioners of Alleghany,* 32 Penn. 218; 2 Selwyn N. P. 829 marginal page; 11 Rep. 99; 1 Ld. Raymond, 559.) Every intendment is made against a return which does not answer the material facts.   (*The People* v. *Kilduff,* 15 Ill. 492.)   The Sheriff cannot refuse to execute the writ upon mere hearsay.   He cannot take the *ipse dixit* of Kennelly that he is the tenant of Hervey Sparks, and that Sparks has title.   He must be informed upon the title of Kennelly, and present that title to the Court with as much particularity and certainty as if he were pleading it in an action, or the allegation will be disregarded.   (*The People* v. *Flagg,* 16 Barb. 507.)

II.   If the loose and indefinite answer of the Sheriff in this case should be held sufficient, we might as well abolish the action of ejectment, for at the end of a long-contested suit, the plaintiff would be no nearer the possession of the premises than at the beginning.

This answer does not allege the source of Hervey Spark's title, and it does not deny the allegation of plaintiff that it is derived from Z. W. Sparks.   Hence, it is to be taken as true.   This estab-

lishes privity of title between Z. W. Sparks and Kennelly; and inasmuch as Z. W. Sparks was in possession at the time of suit, it makes no difference whether he conveyed to Hervey Sparks before or after suit brought. This action cannot be prejudiced by such alienation. (Pr. Act, Sec. 263.) The allegation in the Sheriff's answer of the tenancy of Kennelly from Hervey Sparks is too indefinite to present an issue on that point.

III. The judgment in ejectment is conclusive of the fact that Z. W. Sparks was in possession at the time of judgment of this portion of these premises, which point cannot be gainsayed collaterally. (*Fremont* v. *Crippen*, 10 Cal. 211; *Noe* v. *Card*, 14 Id. 576; *Montgomery* v. *Tutt et al.*, 11 Id. 190.)

The Courts, after judgment, make every possible intendment in favor of the claimant, and if the title declared on can, by any means, be supposed to exist, consistently with the judgment, such judgment will be supported. (Tillinghast's Adams, 293, marg. 287.)

The old authorities all hold that the lessor of plaintiff in ejectment after judgment, might enter peaceably upon the premises recovered, without any writ of restitution, because the judgment is evidence of his right of entry. (*Jackson ex dem. Buckman* v. *Haviland*, 13 Johns. 229; Tillinghast's Adams, 408, marg. 299; *Tribble* v. *Frame*, 5 Litt. Ky. 187.)

And the doctrine was well established that the Courts would seldom grant a new trial, in ejectment, when the verdict is for defendant, because all the parties remained in the position they were before the action was commenced. But this principle did not apply when the verdict was against defendant, because the possession was then changed. (Tillinghast's Adams, 388, marg. 326.)

And this Court has gone to the extent of even holding that strangers to the proceedings can be dispossessed, because the writ of possession requires the Sheriff not only to put the defendants out, but to put the plaintiff in possession of the premises. (*Fremont* v. *Crippen*, 10 Cal. 211; see, also, *Montgomery* v. *Tutt et al.*, 11 Id. 190; *Skinner* v. *Beatty*, 16 Id. 157; *Ex parte John Black*, 2 Bail. 8; *Jackson* v. *Tuttle*, 9 Cow. 240.)

IV. "The possession to be given by the Sheriff is a full and actual possession, and he is armed with all power necessary to this

Fogarty *v.* Sparks.

end." (Tillinghast's Adams on Eject., marg. 342 ; Bouv. Law Dic. "*Hab. fa. poss.*"

"If the officer be disturbed in the execution of the writ, the Court will, on affidavit of the circumstances, grant an attachment against the party, whether he be the defendant or a stranger." (Id. 343, marg.; 2 Bur. Pr. 327 ; *Kingsdale* v. *Man*, 6 Mod. 27 ; S. C. Salk, 321.)

An order cannot be made at the instance of a stranger to the judgment to arrest the execution of the writ of *hab. fa.*, although after its execution if he is improperly turned out of possession, he may, in certain cases, on motion to the Court, be restored to the possession. (*Hall* v. *Hilliard*, 6 Ala. 43.)

If the party sought to be ousted has a good title, he may bring ejectment or forcible entry and detainer, or apply for a writ of restitution. (*Doe on demand of Ledger* v. *Roe*, 3 Taunt. 605.)

Any person who enters into possession of premises *pendente lite* (after *lis pendens* filed as in this case), must be removed from possession under the writ.

Where A brought ejectment against B, and C and D took possession of the land in dispute, *pendente lite*, and A recovered a verdict and judgment : held, the Sheriff, by virtue of the writ, must dispossess C and D in favor of A. (*Hickman* v. *Dale*, 7 Yerg. 149 ; *Howard* v. *Holman*, 4 Ala. 592 ; *Taylor* v. *Fox*, 2 B. Munr. 429 ; *Jones* v *Childs*, 2 Dana, 25.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

On the eleventh day of April, 1860, Fogarty brought an action to recover the possession of a certain lot in the City of San Francisco, against Z. W. Sparks, Wolf Light, and others, notice of the pendency of which was filed under the statute, June 2d, 1860, and judgment was rendered therein in favor of the plaintiff against the defendants, August 28th, 1860. On the second of October, 1860, execution was issued on the judgment and placed in the hands of Doane, as Sheriff, for service, who, in pursuance of the writ, dispossessed Wolf Light, one of the defendants, and placed the plaintiff in possession of part of the premises, but finding one Kennelly in

possession of the other part, claiming as a tenant under Hervey Sparks, who was not a party to the action, he declined to dispossess Kennelly, or to put the plaintiff in possession of that portion of the premises ocuupied by him.    The plaintiff then applied to the Court for a writ of *mandamus* to compel the Sheriff to put him in possession of that part occupied by Kennelly.    The writ was granted, and the defendants have appealed from the order granting it to this Court.

The affidavit for the writ sets forth, in addition to the above facts, that Kennelly pretends to hold under a lease from E. B. Mastick, an attorney for Hervey Sparks, brother of Z. W. Sparks, and claims to have been in possession about two weeks before the date of the affidavit, October 5th, 1860; that Hervey Sparks pretends to have derived possession from Z. W. Sparks; that there was no house on the part of the premises in possession of Kennelly until after the judgment, and no person living thereon; that a house has been built thereon since the judgment, and Kennelly has taken possession of it; that it was built by the direction of Z. W. Sparks, and that Z. W. Sparks, in his answer filed in the action, admitted himself to be in possession of the premises.

Doane, in his affidavit, denies the material portion of the allegations in the plaintiff's affidavit, upon information and belief, and avers, in like form, that Kennelly entered into possession as tenant under Hervey Sparks; that Hervey Sparks was the owner in fee simple on the twelfth of March, 1860, and ever since has been such owner and in possession of the premises; that he was not made a defendant in the suit, and his possession, or right of possession, was not determined by it.    No proof appears to have been offered by either party on the motion for a *mandamus*.

The material fact in this case is, who was in possession of the premises at the commencement of the action, or at the time of the filing of the *lis pendens*.    In an action for the possession of real estate, it is of the first importance, that all the parties in possession at the commencement of the suit should be made defendants, otherwise they, or those holding under them, cannot be affected by the judgment rendered in it, or the execution issued to enforce the judgment.    For it is a well established principle, that no man can

Fogarty *v.* Sparks.

be deprived of his rights, or property, without an opportunity of being heard in a Court of justice.

If Z. W. Sparks, or any other defendant against whom judgment was rendered, was thus in possession, then, if Hervey Sparks or Kennelly took possession after the filing of the *lis pendens*, or with actual notice of the pendency of the action, they would be bound by the judgment, and could be dispossessed by the execution, the same as though they were parties to the judgment. If a person not a party in the action, having a title or right of possession, should be thus ejected, his rights would not be determined, but he could litigate them in another suit.

The record in this case is not very clear upon this important fact, whether or not Hervey Sparks was in possession at the commencement of the action. The affidavit on which the motion was founded, does not state directly who was in possession, either at the commencement of the action or the filing of the *lis pendens*. It merely avers that "Z. W. Sparks, by his answer filed in said cause, admitted himself to be in possession of said premises." This is clearly insufficient. Such an admission could only affect Z. W. Sparks, and Hervey Sparks, or any one claiming under him, would not be estopped thereby, nor would it be evidence against them. This fact of possession should have been directly and positively alleged in the affidavit.

So, too, the affidavit of Doane alleges in general terms, and upon information and belief only, that Hervey Sparks was the owner in fee simple and in possession before and ever since the commencement of the suit. This, as evidence, is but mere hearsay, and could not be considered as proof of possession or ownership. Hervey Sparks and Kennelly not being parties to the record, their rights, whatever they may be, could not be affected by the judgment, unless acquired since the filing of the *lis pendens*, or with actual notice, which is not shown in the present case. If such is the case, it should be distinctly averred in the affidavit on which the motion is founded; and if disputed, the question should be determined by the Court below. If it be true that Hervey Sparks was in possession at the commencement of the action, or before the filing of the *lis pendens*, without notice, and that he placed

Kennelly in possession as his tenant, then Kennelly's is but a continuation of his possession, and neither are affected by the judgment.

Respondent refers to the case of *Fremont* v. *Crippen* (10 Cal. 211) as sustaining his position. That was a judgment in an action of forcible entry, *and after the judgment one of the defendants* put a third party in possession, and the Court properly held that he could be dispossessed by the execution. The Court say : " The object of the statutes concerning forcible entries is to afford parties whose possession is disturbed by force or violence, a summary remedy. This object would be entirely defeated, *if a defendant, after judgment,* could, by transferring the possession to a stranger, prevent the execution of the writ." It will be seen that it does not apply to the present case.

The plaintiff may have a case entitling him to the writ, and if so, he can have an opportunity of presenting it in the Court below.

The order granting the writ of *mandamus* is reversed, and the cause is remanded for further proceedings.