## JACOB P. LEESE *v.* WILLIAM S. CLARK *et als.*

ORDER TO COMPEL SHERIFF TO EXECUTE WRIT OF RESTITUTION.—At the hearing, under an order for the Sheriff to show cause why an order should not be made requiring him to proceed and execute a writ of *habere facias possessionem,* the burden is cast upon the Sheriff of establishing affirmatively the matters which he

alleges as an excuse for refusing to serve the writ. (*Fogarty* v. *Sparks*, 22 Cal. · 142, referred to in this connection.)

AFFIDAVITS USED ON A MOTION.—At the hearing of a motion tried on affidavits, if a copy of a deed under the control of the party relying upon it, to which there is a subscribing witness, is attached to an affidavit, and the party presenting the affidavit refuses to produce the original deed upon the demand of his adversary, and shows no excuse therefor, the copy of the deed is entitled to no weight as evidence.

WHO SHOULD BE REMOVED UNDER A WRIT OF POSSESSION.—*Prima facie,* all who come into possession of land after an action is brought to recover possession of it must go out, if the plaintiff recover and a writ of *habere facias possessionem* is issued, for the presumption is, nothing appearing to the contrary, that they came in under the defendant.

EFFECT OF SERVICE OF WRIT OF RESTITUTION.—A person found in possession of land, and turned out under a writ of *habere facias possessionem,* if he was not a party to the suit, is not prejudiced in his title, if he has any antedating the suit.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The case of *Leese* v. *William S. Clark,* in which the writ of possession referred to in this case was issued, will be found reported in 18 Cal. 535 ; 20 Id. 387 ; and 28 Id. 26. After the decision reported in the 28 Cal., the remittitur was filed in · the Court below, and a writ of possession was placed in the hands of Henry L. Davis, the Sheriff of the City and County of San Francisco.

The other facts are stated in the opinion of the Court.

*B. S. Brooks,* for Appellant, argued that the facts showed that William S. Clark and John Clark were colluding together to defraud plaintiff of the fruits of his judgment.

*Clarke & Carpentier,* for Respondent, argued that the facts showed that neither John Clark or his tenants were holding under or in privity with William S. Clark, and that they were in possession before the commencement of the suit, and that they were not bound by the judgment, and cited *Fogarty* v. *Sparks,* 22 Cal. 142.

By the Court, SAWYER, J.

Judgment for possession of a lot in San Francisco having been recovered by plaintiff after a litigation extending through a period of about eight years, a writ of possession was placed in the hands of the Sheriff to be executed. The Sheriff found some parties in possession claiming to be tenants of John Clark, a brother of defendant, William S. Clark. Neither John Clark, nor the parties in possession at the time the Sheriff went to execute the writ, claiming to be his tenants, were parties to the action. Upon a claim being made that John Clark was in possession at the time of the commencement of the suit, the Sheriff declined to execute the writ. The plaintiff, upon affidavit filed, obtained an order upon the Sheriff to show cause why an order should not be made requiring him to proceed according to the exigencies of the writ. Affidavits were filed on the part of the Sheriff, and counter affidavits on the part of the plaintiff upon the question of the possession and title of John Clark at the time of the commencement of the suit, and the Court, after consideration of the matter, held that sufficient cause had been shown, and discharged the order. The appeal is from the order discharging said order to show cause.

*Sheriff must show affirmatively an excuse for not serving a writ.*

Upon the hearing under the order to show cause, the burden of showing that the parties now in possession, or those under whom they claim, were in possession at the time of the institution of the suit in which the writ issued was upon the Sheriff. The Court below seems to have been of a different opinion, and there are some expressions in the case of *Fogarty* v. *Sparks*, 22 Cal. 142, that tend to give countenance to that view, but we think the correct rule to be as stated.

The question arises between the plaintiff and the Sheriff. The plaintiff has a judgment for possession, and the writ directs the Sheriff to put the plaintiff in possession of the premises. Upon the face of the writ no exception is made.

Having failed to obey its commands, the Sheriff is called upon to show cause; and for cause alleges, upon information and belief, that the parties in possession were in possession at the time of the institution of the suit, and, not having been made parties, that they are not affected by the judgment. The matter of excuse is affirmative matter, and must be affirmatively established by the party averring it.

*Proof as to being in possession before suit commenced.*

We come now to the question : Was it shown by proof reasonably satisfactory, that the parties in possession, or those under whom they entered, were in possession at the time of the commencement of the suit ? The inquiry is only for the purpose of ascertaining whether the parties stand in such a relation to the land that they must go out under the writ. The ultimate title or rights of the parties are not to be determined in this proceeding. The hearing was upon the record and affidavits, and the affidavits are all in the transcript. John Clark is not a formal party to the motion, but the party claiming to be his agent, and several others in possession claiming to be his tenants, make the affidavits on behalf of the Sheriff, and the proceeding is evidently carried on in the name of the officer by the parties in interest. The suit in which the writ issued was commenced August 6, 1858. On the 11th of February, 1861—some two and a half years afterward—the defendant, William S. Clark, executed a conveyance of the premises in question to said John Clark, which deed was recorded on the 24th of May of the same year. Thomas Drum, F. Putzman and John Eden state in their affidavits that they are now and have been for some years in possession of the premises as tenants of John Clark, paying rent to him through his agent; but neither of them pretends that he was in possession, nor does it appear that any person now occupying the premises was in possession at or prior to the date of the said deed from William S. to John Clark, February 11th, 1861. Nor do they profess to know anything about the possession at the date of the commencement of the

action. These affidavits, therefore, shed no light on the question, as they are entirely consistent with the conveyance of February 11th, 1861, and with the theory of the plaintiff that these parties entered under it.

The only evidence tending in any respect to show that John Clark was in possession at the time of the commencement of the action is the affidavit of Abner Sedgley, and that in very general terms states his conclusions rather than facts, and is vague and evasive to such a degree as to entitle it to but little consideration, especially when taken in connection with evidence appearing in the record of a rebutting tendency. John Clark was not in the State at the time of the commencement of the suit, and, so far as shown in the record, he has never been in the State. He was, consequently, not personally in possession at any time. But Sedgley states, substantially, that prior to August 1st, 1858, while defendant, William S. Clark, was in possession, John Clark authorized and directed deponent (Sedgley) to receive, as his agent, from said William S. Clark, a deed for and possession under and through the same of the premises in question, and that on said first day of August, 1858, (six days before the commencement of the suit,) said William S. Clark executed and delivered to deponent for, and as the agent of John Clark, a deed of conveyance of said premises, and on the same day went with deponent and placed him in possession as the agent of said John Clark; and that from said first day of August, 1858, up to the present time, the said John Clark, by and through his agents and tenants, has continually been in possession. A copy of the alleged deed, not acknowledged or recorded, but purporting to be witnessed by a well known party who resides in San Francisco, and can at all times be readily produced as a witness when required, was annexed to the affidavit. It does not appear whether the alleged authority was in writing or not; but as John Clark was never in the State, it probably was, if any such existed. The plaintiff's counsel objected to the reading of the said copy annexed to the affidavit on the ground that it is incompetent, and that the

original should be produced and proved by the subscribing witness. Also to the affidavit as evidence of authority to receive the deed and possession on behalf of John Clark without producing the power of attorney. The Court then ordered the hearing to be suspended till two o'clock to enable the opposing party to produce the deed, subscribing witness and power of attorney. At the appointed hour said party, by his attorney, "refused to produce either the said original deed or subscribing witness thereto, or the power from John Clark to Sedgley." The affidavit was then read under objection and exception on the part of plaintiff, and this ruling is assigned as error. The hearing was on affidavits, and we cannot say that the Court was authorized to strike out any part of the affidavit. But clearly the copy of the deed, under the circumstances disclosed, is entitled to no weight whatever, and the refusal to produce the original when called upon to do so, without any excuse whatever, tends strongly to weaken the statement in the affidavit relating to it. If any such deed existed it must have been under the control of Sedgley, or he could not have furnished a copy. It is a remarkable circumstance that such a deed should have been made just six days before the commencement of the suit, and have remained unproved and unrecorded during the protracted litigation of eight years between plaintiff and William S. Clark, the brother of the grantee, while another conveyance of the same land made by the same William S. to the same John Clark, executed several years after, should have been promptly recorded. And it is still more remarkable, that a copy should be put forward, and the original withheld when called for, where a matter of so much importance to the grantee was in issue. These circumstances must be regarded as highly significant.

On the question of title and possession, the said William S. Clark, on various occasions subsequent to the 6th day of August, 1858, in judicial proceedings, in answers and affidavits filed in this suit, and in another suit relating to the same subject matter, deposed under oath that he was both seized,

and, that he was in the possession of the lands in question at, and subsequent to, the time of the commencement of this suit, and in other affidavits that he sold his interest therein on the 11th day of February, 1861, and delivered possession to the purchasers, evidently in said affidavits referring to the said conveyance of that date to said John Clark. So also affidavits of a similar tenor were made in the course of those proceedings by other parties, and they were introduced by the plaintiff on the hearing. These numerous affidavits are plainly inconsistent with any possession in John Clark during those times. The affidavit of Sedgley does not give the names of any of the tenants who occupied under said John Clark, or particular facts relating to possession in any form which would enable the plaintiff to controvert them, but it deals in loose and general terms, and in the quaint but expressive language of Lord Coke, " fraud lurketh in generalities." There may be no fraud, but if not, it is the misfortune of the claimant, that his facts are not more distinctly presented. Sedgley also states, that, "on said first day of August, 1858, deponent caused an occupant previously under said William S. Clark, then having certain goods stored upon and using a portion of said premises, to be notified of such change of ownership." There was, then, on that day an occupant of the premises under William S. Clark, but he does not inform us who he was. He was not turned out of possession, but " notified of said change of ownership " and thereby became the tenant of John Clark. On the sixth this suit was commenced, and James Spear and many others were made defendants. William S. Clark answered, admitting his possession, and Spear answered admitting his possession, and claiming to be rightfully in possession as tenant of William S. Clark. Mr. Sedgley says there was an occupant on the first, who was notified of the change of title. Was it Spear, who was thus notified, and who thereby became the tenant of John Clark? If so, he was served. If not Spear, why not say so? Sedgley does not negative the idea that it was Spear, or inform us who the occupant was, and there is reason to believe from other evidence that Spear

was the man.   Clearly John Clark was not personally in pos-
session on the 6th of August, 1858, nor is the name of any
tenant given who is claimed to- have been in possession on that
day—nor is any fact distinctly stated from which we can see
that anybody named not a party to the suit and served, was
actually in possession under John Clark on that day, while
the whole course of the proceedings in the suit, and other
facts and evidence appearing in the record, are inconsistent
with the idea of any possession by him or on his behalf at the
date of the commencement of the action.   A more minute
analysis of the affidavit of Sedgley and comparison with other
portions of the record might be made, but, without pursuing
the subject further, it is sufficient to say, that it is loose, vague
and evasive, stating inferences rather than facts, and entirely
unsatisfactory, while it is inconsistent with much that other-
wise appears in the record.

*Who must go out on service of writ of habere facias possessionem.*

All the parties shown by the record to have been in posses-
sion at the date of the issuing of the writ entered long after
the commencement of the suit, and, as we said in *Long* v.
*Neville,* "*prima facie* all who come into possession after action
brought must go out, for the presumption is, nothing to the
contrary appearing, that they came in under the defendant."
This presumption is not overthrown by showing that they
came in as tenants of John Clark, without showing affirma-
tively that John Clark also came in before suit brought, or at
least that he has come in under a title adverse to that of the
plaintiff, not in collusion with him, and under such circum-
stances as would entitle him to the protection of the Court,
on a proper application, against the writ.   There is nothing
here inconsistent with the case of *Watson* v. *Dowling,* 26 Cal.
125, cited by the Court below.   In that case, Dowling's
interest in the premises had been sold under execution, and
the plaintiff claimed under the Sheriff's sale.   He took such
interest as Dowling had, which was only an undivided third,
Dowling being tenant in common with other parties.   Under

the writ issued, not only Dowling, but his co-tenant was dispossessed, and the co-tenant applied to be restored to the possession of his undivided interest, and on the hearing of the motion his title was clearly shown, and it antedated the Sheriff's sale and commencement of the suit to eject Dowling. The Court, by virtue of its authority to control its process, restored the co-tenant to the possession. But in this case no legal evidence of any kind has been presented to show an adverse title in the occupants, or in John Clark, under whom they claim, antedating the institution of the suit, while it is admitted that John Clark received and put on record a conveyance from the defendant William S. Clark, made long subsequent to the commencement of the suit. It is true, that an explanation is attempted to be given of the objects for which this deed was given, but this explanation, when taken in connection with other evidence tending to show that the reason given had no foundation in fact, and with other suspicious facts in the case, is entirely unsatisfactory.

It seems apparent to us from the record as now presented, that this is a bald attempt, not by the Sheriff, who is only the nominal party to this proceeding, and is acting in such a manner only as to protect himself, but by the party who has been so long litigating the suit in collusion with the present claimant, to deprive the plaintiff of the fruits of his judgment. If this be not so, the proper evidence of the claimant's rights has been withheld, and they must be vindicated and his good faith shown in a proper suit. His title, if he has any antedating the commencement of the suit, will not be prejudiced by this proceeding. But however this may be, the fruits of a successful litigation cannot be wrested from the prevailing party, and the process of the Courts evaded upon a mere claim set up under suspicious circumstances, resting upon affidavits alone, unless the case made by that kind of proof is reasonably satisfactory.

On the case as now presented we are clearly of the opinion that no sufficient cause was shown for not executing the pro-

Points decided.

cess of the Court, and that the order appealed from is erroneous.

Order discharging the order to show cause reversed, and the District Court directed to enter an order directing the Sheriff to execute its process.