## CHARLES MAYNE *v.* THOMAS A. JONES, FRANCIS E. WEYGANT, AND MICHAEL COOK.

WHO MAY BE REMOVED UNDER WRIT OF RESTITUTION.—A party and her tenants, coming into possession of lands, after an action brought to recover possession, under a prior unrecorded deed from two of the defendants in the action, of which plaintiff had no notice when the action was commenced, were properly dispossessed under a writ of restitution, issued on a judgment for plaintiff in said action.

IDEM—SETTING ASIDE RETURN TO WRIT.—A motion made to set aside the return to the writ, showing the dispossession of said party and her tenants, and to reinstate them in possession, upon a showing of said facts, under the peculiar circumstances of the case disclosed by the record, was properly denied by the Court below. (*Leese* v. *Clark*, 29 Cal. 672, cited as authority, and error in report of that case corrected.)

IDEM.—Where a defendant, duly served in an action brought to recover posses-
sion of lands, was in possession of a portion of the demanded premises as guar-
dian of an infant who held an unrecorded conveyance thereof, of which plaintiff
had no notice when the action was commenced : *held*, that such defendant, and
the infant and her tenants, who entered subsequent to the commencement of the
action, were properly dispossessed under a writ of restitution issued on a judg-
ment for plaintiff in said action.

APPEAL from the District Court, Twelfth Judicial Dis-
trict, City and County of San Francisco.

After the return of the Sheriff to the writ of restitution,
issued on a judgment for plaintiff rendered in this action,
showing that the plaintiff had been restored to the posses-
sion of every portion of the demanded premises, was filed,
Mary Ann Cook, Michael Delany, and B. B. Newman,
moved in the Court below to set aside said return and to be
reinstated in their possession of portions of the lands
described in said judgment, the former (Mary Ann Cook)
claiming to be the owner in fee of said portions, and, until
evicted under said writ, to have been in possession, by her-
self and her tenants, and said Delany and Newman claiming
to have been in possession as the said tenants of said Cook.
The motion was denied by the Court below, and Mary Ann
Cook, Michael Delany, and B. B. Newman appealed.

The other facts are stated in the opinion of the Court.

*W. C. Burnett*, for Appellants.

The motion should have been granted. The suit of *Mayne*
v. *Jones* did not, and could not, affect third parties not
parties to the record nor privy to the judgment recovered
therein. ( *Watson* v. *Dowling*, 26 Cal. 125 ; *Tevis* v. *Ellis*, 25
Cal. 516 ; *LeRoy* v. *Rogers*, 30 Cal. 229 ; *Jackson* v. *Rathbone*,
3 Cow. 293 ; *Jackson* v. *Van Bergin*, 1 Johns. Cas. 101 ; 5
Cow. 418 ; 3 Wilson, 49 ; Adams on Eject. 341 ; *Leese* v.
*Clark*, 29 Cal. 664 ; *Fogarty* v. *Sparks*, 22 Cal. 142 ; *Bloom*
v. *Burdick*, 1 Hill, 130.) The infancy of Mary Ann Cook
constituted no barrier to granting the motion. ( *Van Bramer*
v. *Cooper*, 2 Johns. 279 ; *Oliver* v. *Handlet*, 13 Mass. 157 ;

*Austin* v. *Charleston Female Seminary,* 8 Met. 196; *Eagle Fire Company* v. *Lent,* 6 Paige, 635; *Lind* v. *Beed,* 2 Paige, 191.) It was not necessary for the infant, Mary Ann Cook, to appear by guardian. (*Garr* v. *Drake,* 2 Johns. 542; *Williamson* v. *Storrs,* 6 Johns. 353.) See, also, the case of *Allison* v. *Taylor's Heirs,* 3 B. Mon. 363–68, as to the scrupulous care and watchful vigilance with which Courts guard the rights of infants. As to the purchase of property by infants, see *Boyden* v. *Boyden,* 9 Met. 519; *Boody* v. *McKeenny,* 20 Me. 317; *Hubbard* v. *Cummings,* 1 Greenl. 11; Bac. Ab., Infancy, 1, 4.

No one but the infant himself, or his legal representatives, can avoid his voidable deed or contract. (2 Kent's Com. 236; *Van Bramer* v. *Cooper,* 2 Johns. 279; *Jackson* v. *Todd,* 6 Johns. 257; *Oliver* v. *Hondlittle,* 13 Mass. 237.)

An infant may take upon himself the obligation of surety. (*Hinely* v. *Margarets,* 3 Barr. 428; *Curtain* v. *Patton,* 11 Serg. & Rawle, 305, 310.) May confess a judgment or suffer a decree to pass without the interposition of an attorney *ad litem.* (*Parter's Heirs* v. *Robinson,* 3 Marsh. 253; *Austin* v. *Charleston Female Seminary,* 8 Met. 196, 203; *Bloom* v. *Burdick,* 1 Hill, 131, 143; *Barber* v. *Granes,* 18 Vt. 292.) May bind himself in a recognizance for another. (*Pachin* v. *Cronach,* 13 Vt. 330.) Convey his estate by deed or exchange. (*Bood* v. *Mix,* 8 Wendell, 120, 131; *Eagle Fire Insurance Company* v. *Lent,* 6 Paige, 635; *Gillet* v. *Standly,* 1 Hill, 121, 125; *Darra* v. *Coombs,* 6 Greenleaf, 189; *Wheaton* v. *East,* 5 Yerger, 41; *Cole* v. *Pennoyer,* 14 Illinois, 161.) May incumber his estate by mortgage or bond. (*Boston Bank* v. *Chamberlain,* 15 Mass. 222; *Hubbard et al, Executors* v. *Cummings,* 1 Greenleaf, 11; *Lynn* v. *Budd,* 2 Paige, 191; *McGann* v. *Marshall,* 9 Humphreys, 121, 126.) May bind himself by a negotiable note. (3 Wendell, 470; *Reed* v. *Bachelder,* 1 Metcalf, 550; *Jefferson's Adm'rs* v. *Reingold,* 9 Ala. 544.) Or by the indorsement of a promissory note. (*Nightingale* v. *Wettington,* 16 Mass. 272,

274; *Hardy* v. *Waters*, 38 Maine, 450.) May bind himself to service. (12 Pickering, 110; 19 Pickering, 572.)

In *Hastings* v. *Dollarhide*, 24 Cal. 195, 207, the Court said: " The rule is well settled that no one can take advantage of the fact of infancy except the infant himself, or his heirs or personal representatives." As a general rule, the deed of an infant is not void, but voidable; this is the established doctrine of all modern decisions. An infant grantor can neither affirm nor disaffirm a conveyance of land during non-age until he attains the age of legal majority. (*Zouch* v. *Parsons*, 3 Burr. 1,794; see *Boyden* v. *Boyden*, 9 Metcalf, 519; *Boody* v. *McKeenny*, 23 Me. 517; *Hubbard* v. *Greenleaf*, Id. 11.) We consider the rule as given by Mr. Chancellor Kent, and adjudged in the 6 Conn., 8 Taunt., 9 Vermont, and 11 Humph., to be the rule of common law, as stated in Coke upon Litt., 51 B. p. 217.

We submit that there can be no doubt but what the judgment in the case of *Mayne* v. *Jones* could not be evidence for or against Mary Ann or Newman in any proceeding whatever to which they may be a party, hence they cannot be affected in any manner by it. (*Peterie* v. *Bugbee*, 24 Cal. 419, 423.)

*Williams & Thornton*, for Respondent.

The evidence proves that Mary Ann Cook was never in possession until long after the suit was commenced, and it is not pretended that either Newman or Delany were ever in possession until the action had been pending for some months. In such a case the law has been well settled by the decisions of this tribunal. (*Long* v. *Neville*, 29 Cal. 135; *Leese* v. *Clark*, 29 Cal. 671–72; Prac. Act, Sec. 263, cited and commented on in *Long* v. *Neville; Howard* v. *Kennedy's Executors*, 4 Ala., N. S., 592–95; 29 Cal. 136, 671.)

Counsel for appellant seem to think that we are attributing to the judgment recovered in the action of *Mayne* v. *Jones* a conclusive effect as to Mary Ann Cook, and cites numerous

authorities to show that it is not.   There is no such point made by us in the cause, nor does it arise, (see 29 Cal. 672,) but we contend that the appellants were properly turned out of possession under the writ; which is a question entirely separate and apart from that of the conclusiveness of the judgment in *Mayne* v. *Jones.* (*Jackson* v. *Tuttle*, 9 Cow. 239; 4 Ala. 595.)

By the Court, ·SAWYER, J. :

It is very clear from the affidavits, that, at the time of the commencement of the suit, the appellant, Mary Ann Cook, then an infant of about seven years of age, was not in possession of the premises in dispute, or of any part of them. Without discussing the question, it is sufficient to say, we are, also, satisfied that she has presented no case that would justify the Court in this form of proceeding in restoring her to possession.   The case is not like *Watson* v. *Dowling*, 26 Cal. 125, but is within the principle of *Leese* v. *Clark*, 29 Cal. 672.

We here take occasion to call attention to an error in the report of the latter case.   The word " defendant " should be substituted for the word " plaintiff," in the ninth line from the bottom of page six hundred seventy-one.   .

Order affirmed.

[NOTE.—The foregoing opinion was delivered at the October Term, 1867.]

Mr. Justice SHAFTER expressed no opinion.

By the Court, SAWYER, C. J., on petition for rehearing :

Upon some points there is much conflict in the statements of the different parties, but the affidavits and motion papers tend to show, and, we think, do show, the following facts : Some time prior to August, 1863, the plaintiff, or his gran-

tors, had been in possession of a tract of about one hundred and fifty acres of land, including the premises in question. About that time—the early part of August—the defendants, Jones, Weygant and Michael Cook, made an arrangement to take possession, on the pretense that the former possessor was dead, or that the land had been abandoned; yet it is manifest that they were aware of its being claimed by plaintiff. Cook was at first to be interested in the claim, but the other defendants were desirous of getting rid of him, and securing the land for themselves, whereupon Cook negotiated with the other side. It was finally settled between the defendants that Cook should have ten acres out of the hundred and fifty. Jones and Weygant had the land surveyed, took possession, and erected a house, in which Jones lived. The arrangements were completed somewhere about the 10th of August, 1863. Before, and at this time, Michael Cook, his wife, and daughter Mary Ann, were living *near, not on* the land. Mary Ann, the daughter, and ostensibly the moving party in this proceeding, was at that time about seven years old. Now she is about eleven. On the 11th day of August, 1863, in pursuance of the direction of Michael Cook, the father, and, as it was said at the time, in order that he might be a witness for the other defendants in any contest that might arise between them and the prior possessors, Jones and Weygant executed a conveyance of the ten acres in controversy—Cook's share in the enterprise—to said child, Mary Ann, which said conveyance was not put on record till the Spring of 1864. Very soon thereafter defendants took possession, and after this transaction, this suit was commenced, on the 24th of September, 1863, against said Jones, Weygant and Michael Cook, to recover the whole of said tract of land so taken into possession. After several years of litigation plaintiff recovered, and his judgment was affirmed at the July term, 1866, of this Court. After the remittitur was filed in the Court below, the applicants in this motion, Mary Ann Cook, and two parties, claiming to be her tenants, were turned out of possession of the said

ten acres by the Sheriff under the writ of possession. They now seek to be restored on this motion, on the ground that said Mary Ann Cook acquired her title and possession before the commencement of the suit, and was not made a party to it.

We have, in pursuance of the stipulation of the parties, re-examined the case since the former decision and receipt of appellant's last brief, and we are fully satisfied that Mary Ann Cook never was in possession in any form prior to the commencement of this suit. There are such general expressions in the affidavits of herself, her mother and father, and others, as that "immediately after [after execution of said deed], on said eleventh day of August, 1863, deponent went into possession, to wit: on said eleventh day of August aforesaid, and afterwards, on or about the tenth day of December, A. D. 1863, deponent caused to be erected a dwelling house upon said premises," etc., and afterwards resided in it by herself and tenants till ejected. There is not one word showing actual possession at the time of the commencement of the suit in all the affidavits, other than such general loose statement of possession, which usually means whatever the party using it chooses to consider it to mean. There is no act of possession, and no act indicating possession, stated. The land was not fenced off from the larger tract; there was no house on it; no use was made of it; no open act of ownership or control was performed, so far as the affidavits show. Even the deed, alleged to have been given about a month before, was not recorded before the commencement of the suit. Mary Ann Cook was but a child, seven years old, living with her father and mother in the neighborhood, but not on the land. There is nothing to show that she ever was, in fact, in possession or ever set foot upon the land before November or December. The father states that the lot was fenced off in November, and he and the mother, and several others, state that a house was erected in December, and afterwards occupied by her and her tenants. But others,

62

again, state directly the contrary, that no fence was made in November or December, and no house erected until the next year, when a small shanty was put up; and other facts and circumstances stated confirm this view, and we think the weight of the testimony is that way. Other witnesses, also, state that Jones and Weygant were in the actual occupation of the whole at the time of the commencement of the suit, and that there was no possession or occupation of any sort by said Mary Ann, or anybody acting for her. At all events, in the most favorable view for appellants, it is perfectly clear that no possession had been taken under the deeds before November or December. And that was after the institution of the suit. If, then, she acquired the interest of the defendants, such as it was, by a conveyance actually made, though not recorded before the institution of the suit, she came into possession pending the litigation, under the defendants, upon a claim of title derived from them, and not adverse to them; and that title was, at least, but a mere possession. The Sheriff was justified in turning her out (*Long* v. *Neville*, 29 Cal. 131; *Leese* v. *Clark*, 29 Cal. 665), and the only question is, whether she presents such a case as would justify the Court in restoring her to possession in this summary proceeding. We think, clearly not. True, she has not been heard, but she came into possession, at least, subsequent to the commencement of the litigation, upon the same title as that litigated, a mere possession, which has once been defeated, and the circumstances are such as to render it extremely improbable that she has any rights at all in the premises. At all events, her rights are too doubtful to justify the Court in restoring her to possession in this summary proceeding, even if it can ever be proper to restore a party in this manner to a possession acquired pending the litigation, under the same title litigated, and through the defendants in the action. She could not have been made a party to the action to recover the land, as a party in possession, because she was not in possession; and if it be conceded that she could properly be made a party as owner, the deed was not on record, and there

was no possible means of discovering that she had any interest in the premises. Her father afterward assumed in some instances to act as her guardian, and he is the only one who seems to have assumed to act on her behalf. If anybody was exercising any acts of ownership or possession on her behalf at the time, it was he, and he was a party defendant to the suit. His acts in connection with it were either performed in her name for his own benefit, or for hers. At all events he was the party acting, and having the possession in fact, if there was any, other than that of Jones and Weygant, and he was a party to the action, and so far as the present proceeding is concerned, bound by the judgment. But we think the obvious result of the affidavit is, that Jones and Weygant were the parties in actual possession. It is very manifest from the numerous instances judicially brought to our notice of late, that attempts upon similar pretexts to evade the process of the Courts, and deprive plaintiffs in actions to recover real property of the fruits of a tedious and successful litigation, are becoming very frequent. While, in a proper case, the Court will not hesitate to control its process so that parties shall not be improperly deprived of their possession, the principle cannot be extended beyond its legitimate bounds, or to doubtful cases, without impairing the certainty and efficiency of judicial proceedings. The case now under consideration is, clearly, not one for the exercise of the power.

Ordered, that the former judgment in this case stand as the judgment of the Court, and that the petition for rehearing recently filed be denied.