THOMAS B. VALENTINE, Respondent, v. CHARLES J. JANSEN, Appellant.

No. 1723; April 12, 1870.

CROCKETT, J.—The contest in this case is as to the prior possession of a parcel of land in San Francisco. The plaintiff deraigns his title through B. S. Brooks, and on the trial put in evidence, against the objection of the defendant, the judgment-roll in an action of ejectment, wherein said Brooks was plaintiff against Crosby, executor of Kline, defendant; and wherein Brooks recovered a judgment or restitution, for a larger tract, including the premises in controversy. He also put in evidence a writ of restitution, issued on the judgment, and the sheriff's return thereon, from which it appeared that in September, 1863, the sheriff executed the writ, by placing Brooks in possession of the entire tract, including the premises in controversy. The present defendant, Jansen, was not a party to that action; and there was no priority between him and the defendant therein. So far as appears, Jansen was altogether a stranger to that action. In connection with this proof, the plaintiff called as a witness the deputy sheriff who executed the writ, who testified that, in executing it, he took his directions from Brooks, the plaintiff in the action; and that when he went to execute it, he found Jansen in possession of the land in controversy; and that by the direction of Brooks, he put out Jansen, and placed Brooks in possession. The court admitted the judgment-roll in evidence for two purposes only, to wit: 1st To prove itself and sustain the writ of possession; 2d. With the writ,

to transfer that possession. This ruling is assigned as error. The plaintiff insists the evidence was admissible, for the reason that it was competent for the plaintiff to prove the possession in his grantor, Brooks, at any time before the commencement of the action; and that it was likewise competent for him to show, as a part of the res gestae, the means whereby he acquired the possession; that in order to show and qualify the character of the possession he acquired through the sheriff, it was necessary for him to produce the authority under which the sheriff acted; which authority consisted of the writ, supported by a proper judgment; that the fact to be established was the possession of Brooks in September, 1863, and that fact could only be legitimately established by showing: 1st. The authority of the sheriff to put him in possession; and 2d. That, in pursuance of the writ, he placed him in possession. On the other hand, the defendant claims that inasmuch as Jansen was neither a party or privy to the action, the judgment-roll, writ of restitution and sheriff's return were not competent evidence against him, for any purpose whatsoever.

That Jansen was in no respect bound by the judgment and proceedings in the case of Brooks v. Crosby is too plain to admit of debate. It was not claimed in the district court, nor is it in this court, that he was in any manner bound by those proceedings. But it was clearly competent for the plaintiff to show an actual possession in his grantor, Brooks, at any time before the commencement of the action; and I do not perceive how a possession, acquired through a writ of restitution, could, in any manner, be established so satisfactorily as by the production of the judgment and writ, and calling the officer to show that he executed the writ by placing the party in the actual possession. The judgment and writ are used only to prove the existence of such papers, and that they constituted the authority under which the sheriff, whether rightfully or wrongfully, did in fact place the party in possession. No reason is perceived why the admission of such testimony, for such a purpose, and properly guarded by the instructions of the court, should work a hardship upon a stranger to the proceeding. We think the judgment-roll and writ of restitution, with the sheriff's return, were competent, for the purposes for which they were admitted.

But as they were competent only for this purpose, it was incumbent on the court carefully to prevent the jury from being misled, in respect to the force and effect of this testimony. The court, doubtless, endeavored to perform faithfully its duty in this respect; and hence, of its own motion, it charged the jury that "the judgment in Brooks v. Crosby (embracing this land) did and does not affect the right of Jansen, and could not, nor does it bind him, as he was not a party to the suit, and had no opportunity to be heard in that suit by his witnesses and counsel." The same proposition was substantially repeated, in other instructions, given at the instance of the defendant, and if the court had stopped here, its action on this branch of the case would have been free from objection. But we are constrained to conclude that other portions of the charge were calculated to confuse and mislead the jury, in respect to the weight to be attached to the recovery in Brooks v. Crosby. For example, the jury is instructed that the effect of the recovery of the judgment "was to transfer to Brooks whatever possession or right of possession Crosby had at the commencement of that action." It is not very accurate to say that the effect of a judgment for the plaintiff in ejectment is to "transfer" to him whatever possession or right of possession the defendant had at the commencement of the action. It is rather an adjudication that at the time of the commencement of the action the defendant was not entitled to the possession, and that the plaintiff was entitled to it, as against the defendant. But inasmuch as it was in no respect material to Jansen what the effect of the recovery was, as between Brooks and Crosby, the statement to the jury of the legal effect of the recovery, as between the parties to that action, was irrelevant, and calculated only to confuse and mislead. It would have been sufficient to say to the jury, as was said by the court, that the judgment did not bind Jansen, and could, in no manner, affect his rights. In this connection the court also instructed the jury that "it is the duty of the sheriff, under a writ of possession, to remove all persons from the premises described in the writ, and to put the plaintiff in possession, unless otherwise directed by the court." If the abstract proposition thus broadly stated be conceded to be correct (on which point it is not necessary we should express an opinion), it was

wholly irrelevant to any issue in the cause. The court properly informed the jury that Jansen was not bound by the judgment and his rights were not affected by it. If so, how could it be material for the jury to know what was the duty of the sheriff in executing the writ? The sole purpose of this proof was to establish an actual possession in Brooks in September, 1863. The judgment-roll, writ of restitution and sheriff's return were competent for no other purpose whatsoever. When it was shown by the judgment, writ, sheriff's return and the testimony of the deputy sheriff, that Brooks was placed in the actual possession, under the authority of the judgment and writ, this proof had performed its only legitimate function; and whilst, in one breath, the court instructed the jury that Jansen was not bound by the judgment, and his rights were not affected by it, it informed them, in the next, that in executing the writ it was the duty of the sheriff to remove all persons from the premises, unless otherwise directed by the court. The effect of the two instructions, construed together, was, that though the rights of Jansen could in no manner be affected by the judgment, nevertheless, if the sheriff found him in the actual possession, when he went to execute the writ, it was his duty, without any inquiry as to Jansen's rights, and without reference to the time when, or the circumstances under which, his possession commenced, to turn him out, and place Brooks in the possession. Such a proceeding would appear to affect, very materially, the rights of Jansen, inasmuch as he was thereby deprived of the possession. It may be said, however, that he could have avoided this result by a timely application to the court to stay the execution of the writ, or to be restored to the possession, if wrongfully evicted. This being conceded, it, nevertheless, does not appear for what reason it became material to inform the jury that it was the duty of the sheriff to remove Jansen from the possession, unless otherwise directed by the court. The fact to be established was the possession of Brooks; and the question whether Jansen was rightfully or wrongfully removed by the sheriff, however it may be solved, neither proves or tends to prove that Brooks had or had not the actual possession in September, 1863. But the plaintiff claims that he had the right to show that the possession acquired by Brooks under the writ was not only

actual but lawful; and that it was therefore proper and material for the jury to be informed that, in executing the writ, the sheriff had authority to remove Jansen, unless he was otherwise directed by the court. If it be conceded that, in the absence of a direction from the court to the contrary, the sheriff had authority to remove Jansen, and was therefore not a trespasser, does it follow as a legal conclusion from these premises that the possession thus acquired by Brooks was a lawful possession, as against Jansen? If Jansen was in the possession before and at the time of the commencement of the action of Brooks v. Crosby and had ever since maintained a hostile possession, and was neither a party or privy to the action, and for that reason was in no respect bound by the judgment, would it not be a legal solecism to say that a possession acquired by Brooks under the judgment would be a lawful possession as against Jansen? The sheriff may not have been a trespasser in executing the writ; but it would be a non sequiter to hold that, for that reason, the possession which he delivered to Brooks was a lawful possession as against Jansen. On the contrary, it may have been flagrantly otherwise. It is conceded, on all sides, that a party wrongfully evicted by the sheriff may be restored to the possession, on motion to the court. The right to be restored implies, ex necessitate, that the possession acquired by the plaintiff under the writ was unlawful; and that, too, even though the sheriff may not have been a trespasser in executing the writ. For these reasons, it is evident the instruction we are considering was not only irrelevant, but was eminently calculated to mislead the jury, even if it be conceded to be correct, as an abstract proposition of law.

The twenty-sixth and twenty-seventh instructions given at the instance of the plaintiff were to the effect that the execution of the writ of possession by the sheriff placed Brooks in the possession of the property; and if Jansen re-entered, after being so dispossessed, Brooks or his grantee would be entitled to recover the possession, unless Jansen could show a right to the possession. This proposition assumes that even though Jansen was found in the possession and was removed by the sheriff, the effect of the execution of the writ was to create in Brooks a prima facie right to the possession, as against Jansen, which, of itself, entitled the plaintiff to re-

cover in this action, unless Jansen had overcome this prima facie case by showing a better right to the possession. The general rule is, that a person, other than the defendant, found in the possession when the sheriff goes to execute the writ, is presumed to have entered under the defendant, and is, prima facie, subject to the writ; and if he claims to be in possession under a hostile title, it is incumbent on him to show it affirmatively: Sampson v. Ohleyer, 22 Cal. 200; Leese v. Clark, 29 Cal. 664.

If the court had instructed the jury that Jansen, being found in possession by the sheriff, was prima facie subject to the writ, if nothing appeared to the contrary, the instruction would have been proper. But instead of this, the jury was instructed that if Jansen re-entered after being dispossessed, Brooks or his grantee would be entitled to recover, unless Jansen could show a right to the possession. This was calculated to mislead the jury, and to beget the impression that, to overcome the title of Brooks, it was incumbent on Jansen to show a better after-acquired title. The presumption is, the court did not intend to convey this impression; but in declaring to the jury the effect of the recovery in Brooks v. Crosby, and of the possession which Brooks acquired under it, the court should have been extremely careful to exclude from the minds of the jury the impression that Jansen was debarred thereby from showing his right to the possession, by a prior possession or otherwise. We think the twenty-seventh instruction given on the request of the plaintiff was not sufficiently guarded in this respect, and may have misled the jury, notwithstanding the law on that point was correctly stated in the twenty-fourth instruction given at the request of the defendant.

On the whole, we think the instructions tended to mislead the jury in respect to the effect of the recovery in Brooks v. Crosby, and that the ends of justice require the action should be retried.

Judgment reversed and new trial ordered.

We concur: Wallace, J.; Temple, J.; Sprague, J.