WILLIS LONG AND W. B. LONG *v.* JOHN M. NEVILLE, SHERIFF OF SOLANO COUNTY *et als.*

DUTY OF SHERIFF IN SERVING WRIT OF RESTITUTION.—It is the duty of the Sheriff, having the writ of *habere facias possessionem,* to remove all persons who came upon the property after the suit was brought, except a person other than the defendant, who is in possession under a title adverse to the defendant.

SERVICE OF WRIT OF *Habere Facias Possessionem.*—Where ejectment is brought against a tenant alone, and pending the action the landlord dispossesses him and leases to another tenant who has no notice of the pendency of the action, it is the duty of the Sheriff who receives the writ of *habere facias possessionem* to remove the second tenant.

*Lis pendens.*—The notice of *lis pendens* does not apply to the action of ejectment. It applies only to actions which operate directly upon the title.

EJECTMENT DOES NOT AFFECT TITLE.—Actions of ejectment do not affect the title to property, but the possession. The plaintiff recovering possession goes into possession with the title he previously had.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The facts are stated in the opinion of the Court.

*M. A. Wheaton,* for Appellant.

The vital question in this case is, whom was it the Sheriff's duty to put out under the writ of possession? Our answer is, every one, without exception, that comes upon the land after the ejectment suit against the Hulls was commenced.

It is said, we might have joined Ellis as a party defendant in the ejectment suit against the Hulls, under the authority of the thirteenth section of the Practice Act. The case of *Garner* v. *Marshall,* 9 Cal. 268, not only decides that ejectment cannot be maintained against a party not in possession when suit is commenced, but also decides that the thirteenth section of the Practice Act does not apply to suits in ejectment, but refers only to equity cases.

If the tenant when sued has made default, and the landlord had no notice of the suit, he may apply to the Court, even after a judgment and the writ thereon executed, and have the judgment opened, himself restored to the possession, and his defense entered. And this is the rule in all cases when the Sheriff, under the writ, has or is about to turn out any one who has entered after suit commenced under a claim of right which might have been interposed against the plaintiff's action, to apply to the Court to open the judgment, supersede the writ, and allow the defense, not to remain out of Court and defy its process. (*Barrett* v. *Graham,* 19 Cal. 632; *Long* v. *Morton,* 2 A. K. Marshall, 39 ; *Doe ex dem. The Grocers' Co.* v. *Roe,* 5 Taunton, 205.)

When the Court does not interfere to stop the service of the writ, the Sheriff must put off every one that entered after the commencement of the suit. No change of possession of the premises after suit brought can be allowed to defeat the execution of the judgment when once finally obtained. (Sec.

253 of the Practice Act; *Hickman* v. *Dale*, 7 Yerg. 149; *Jackson* v. *Tuttle*, 9 Cow. 233; *Wallin* v. *Huff*, 3 Sneed, 82.)

*Whitman & Wells*, for Respondent.

The question is doubtless one of general interest as a question of practice, and we may properly urge that the twenty-seventh section of our Civil Practice Act is intended to be of general and uniform application as regards all actions, either legal or equitable. Its provisions are extended to actions affecting the title to real property, and in conformity to the rule of law which regards possession as *prima facie* evidence of title, an action which adjudicates the possession does affect the title, and is therefore within the statute.

The cases of *Richardson* v. *White*, 18 Cal. 102, and *Sampson* v. *Meyer*, 22 Cal. 200, seem to affirm the statutory provisions, and make it applicable to all forms of action to its full effect; that is, to impart constructive notice of the pendency of the suit, the latter case recognizing actual notice and the doctrines regarding it as unaffected by the statute, and we submit as worthy the attention of the Court that such rulings should be allowed to stand, and the statute be recognized as applicable to all classes of action that fall within its terms. Such we believe to be in accordance with the general course of practice.

But if the decision of this Court be otherwise, we still submit that the doctrine of *pendente lite* has no application to this case. The most that can be claimed is that those who come in by, through, or under the party in possession, must go out under the writ. Therefore privity is essential; but but here there was no privity. In the old phrase, the party, Brown, came not in *per* the defendant in the suit, but *post.* There was no mutuality in his relation to the defendant in the original suit.

By the Court, SANDERSON, C. J.

This is an action for damages against a Sheriff and his sureties for his neglect and refusal to execute a writ of *habere facias possessionem*. Judgment of nonsuit was rendered in the Court below. The facts disclosed by the plaintiffs' evidence are substantially as follows: The plaintiffs commenced an action of ejectment against two persons by the name of Hull, who were in the actual possession of the land at the time the action was brought. The Hulls were in possession as tenants of one Ellis, who attempted to intervene by petition, as provided in the six hundred and sixty-first section of the Practice Act; but the plaintiffs demurred to his petition and the demurrer was sustained by the Court. The Hulls made default, and judgment was regularly entered against them and them only for the possession of the land. Pending the action of ejectment, Ellis brought an action against the Hulls under the thirteenth section of the Act concerning forcible entry and unlawful detainer, in which he obtained judgment and dispossessed the Hulls.

Afterwards Ellis leased the land to one Brown, who was in possession at the time the Sheriff received the writ. No notice of *lis pendens* was filed in the Recorder's office, nor had Brown actual notice of the pendency of the action. Upon this state of facts the Sheriff refused to execute the writ.

The only question involved in the case is whether the Sheriff, upon the facts stated, could lawfully dispossess Brown under the writ. If he could, he was bound to do so; and, having failed and refused, he and his sureties are liable to the plaintiffs for such damages as they may have sustained by reason of such refusal.

*In what cases notice of* lis pendens *must be filed.*

The question involved is wholly unaffected by the twenty-seventh section of the Practice Act relating to notice of *lis pendens*. By its own terms that section does not apply to actions affecting the possession of real property, but, on the

contrary, is confined to actions affecting the title thereto.
Actions of ejectment do not affect the title, but the possession.
The title remains after judgment precisely where it was before,
and is only brought into the case for the purpose of aiding the
Court in determining to whom the possession belongs. The
judgment transfers the possession to the plaintiff if he shows a
better right to it than the defendant, but the plaintiff does not
thereby acquire any better or other or different title than he
had before; on the contrary, he goes into possession under
whatever title he may have previously had. He goes into
possession according to his title, and the title and the posses-
sion unite. If he has a freehold interest he goes in as a free-
holder; if he has a chattel interest he goes in as a termor, and
if he has no title at all he goes in as a trespasser. (Tilling-
hast's Adams, 327; *Chapman* v. *Armistead,* 4 Mumford, 390.)

The twenty-seventh section only applies to actions which
operate directly upon the title and by the result of which
some change as to the title is wrought. Examples of which
are found in actions for the condemnation of real estate, and
the specific performance of contracts relating thereto, for the
foreclosure of mortgages, or other liens, and the like.

*What persons Sheriff may dispossess under writ of* habere facias
*possessionem.*

What parties can be dispossessed under a writ of *habere
facias possessionem,* under any and all circumstances, is not
very clear upon authority. Some cases go so far as to hold
that all persons who enter into possession after the commence-
ment of the action, regardless of how or by what title they
entered, must go out, upon the ground that otherwise there
might be no end to litigation; while other cases seem to go
no further than to hold that the defendant and those entering
under or succeeding to him in the possession of the land only
need go out, upon the ground that none are affected by the
judgment except parties and privies, and that no one can be
deprived of his property without first having been allowed his
day in Court; and we apprehend that these two principles,

which practically amount to the same thing, together furnish the true test for the solution of every case. The first is incorporated in the two hundred and sixty-third section of the Practice Act, which is in these words : " An action for the recovery of real property against a person in possession cannot be prejudiced by any alienation made by such person, either before or after the commencement of the action." *Prima facie,* all who come into possession after action brought must go out, for the presumption is, nothing to the contrary appearing, that they came in under the defendant; but this *prima facie* case is rebutted when it appears that some person other than the defendant is in possession under a title adverse to his, for the right to the possession flowing from such a title has not been determined by the judgment. By way of illustration take a case which is put by the Court in *Jones* v. *Chiles,* 2 Dana, 321. Two actions of ejectment are pending against the same *terre-tenant* prosecuted by different plaintiffs upon different titles, both of which are adverse to that of the *terre-tenant;* both plaintiffs recover judgment, and the plaintiff whose action was commenced last takes possession under a *habere facias.* Can the plaintiff whose action was instituted first turn the other out under a *habere facias* against the *terre-tenant?* The Court answers the question thus: " If each plaintiff asserted a different title against the defendant in possession, and if the tenant held adversely to the titles thus asserted, and is not privy to or connected with either of the titles, we think that the plaintiff who obtained possession under his judgment first could not be dispossessed in virtue of a *habere facias* against the tenant in favor of the plaintiff in the other action. The rights of such claimants ought to be tried in a suit to which they are parties before either should molest the other, gaining possession under a judgment against the *terre-tenant.*" The reason being that the title of the first plaintiff has not been tried ; or in other words, his right to the possession has not been determined by the judgment under which the second plaintiff claims the possession, and to allow him to prevail would be to turn the first plaintiff out without

his day in Court. Now, bearing the reason of the rule in mind, let us change the conditions by supposing that the title of the first plaintiff is not adverse to that of the *terre-tenant,* as in the case of landlord and tenant, and what is the result? Obviously the opposite of the former, for the reason given for the former is wanting here. The first plaintiff has not obtained possession under a title adverse to that of the *terre-tenant,* and which was not tried in the other action, but has succeeded to the possession under the same title which was held by the *terre-tenant,* and which was tried in the other action and as against which the second plaintiff has prevailed and recovered possession.

In the present case the *terre-tenants,* the Hulls, were the tenants of Ellis. Pending the action, Ellis obtained possession by virtue of his action against the Hulls under the thirteenth section of the Act concerning forcible entries and unlawful detainers, and with notice of the pending action of ejectment. Being in possession he leased to Brown. Thus Brown came in under the same title and held the same right to the possession which was held by the Hulls when the action was commenced against them; or in other words, the same right to the possession which was determined in that action. It follows that the Sheriff could have lawfully dispossessed Brown under the writ in question, and having failed to do so has made himself and his sureties liable to this action.

Judgment reversed and new trial ordered.


SHAFTER and RHODES, Justices, dissenting.

We dissent.