SETH H. WETHERBEE v. MARY DUNN, JOHN
CARROLL, AND ARTHUR QUINN.

WRIT OF POSSESSION—EXECUTION OF.—*Prima facie* all who come into possession
of the land, pending the action to recover possession, must go out under the
writ of possession, if the plaintiff recovers, for the presumption is that they came
in under the defendant.

WHO MUST GO OUT ON SERVICE OF WRIT OF POSSESSION.—If the defendant,
pending an action against him to recover possession of land, colludes with another
person to obtain judgment against him for possession, and to be placed in posses-
sion by a writ of restitution, such other person must go out under a writ of pos-
session against the defendant.  He will not be protected by his judgment, if
it was collusively obtained

APPEAL from the District Court, Fourth Judicial District,
City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Sharp & Lloyd*, for Appellants.

It is clear that neither Fitzgibbon nor Pell could make
Wetherbee a party to their action.  (*Garner* v. *Marshall*, 9
Cal. 270; *Klink* v. *Cohen*, 13 Cal. 624.)    Neither of them
had notice of the pendency of Wetherbee's action by *lis pen-
dens*.  (*Watson* v. *Dowling*, 26 Cal. 127; *Long* v. *Morton*, 2
A. K. Marsh. 40.)  As against Fitzgibbon and Pell, plaintiff
must resort to his ejectment.  (*United States* v. *Slaymaker*,
cited in Adams' Eq., 414, ed. of 1854; *Jackson* v. *Tuttle*, 9
Cow.; Swett on Sheriffs, 300, in 21 Law Lib., 4th series.)

*S. F. & J. Reynolds*, for Respondent.

By the Court, SAWYER, C. J. :

We are satisfied, as the Court below must have been, that
this case presents another instance of an indirect effort,
through other parties, to evade the process of the Court and
deprive the plaintiff in an action to recover land, after a long
and successful litigation, of the fruits of his judgment.

The action to recover the land in question was commenced in May, 1865. The defendants, Quinn and Carroll, having answered, the action, as between them and plaintiff, was tried, a verdict found, and judgment for the possession rendered in favor of plaintiff on the 4th of August, 1866. Quinn and Carroll, having first moved for a new trial, and the motion having been denied, appealed to this Court, and the judgment of the District Court was affirmed on the 29th of March, 1867. The remittitur, however, was not issued from this Court till July 19th, 1867, being stayed by petition for rehearing. It was filed in the Court below July 22d, 1867. On the 25th of April, 1867, after judgment of affirmation in this Court, and before the remittitur issued, one David Fitzgibbon commenced suit in the Twelfth Judicial District against said defendant, Quinn, to recover a portion of the same premises, and due service being had, recovered judgment by default on the 10th of May following, upon which a writ of possession issued on the same day, which writ was executed, and Fitzgibbon put in possession by the Sheriff on the 9th of July, 1867. On the 3d of May, 1867, one Jonathan Pell commenced an action against defendant, Carroll, to recover the remainder of said premises, upon which he also recovered judgment for possession by default on the 16th of July, 1867, upon which a writ of possession issued on the same day, which was executed by the Sheriff, and plaintiff, Pell, put in possession on the 18th of July, 1867. Upon the filing of the remittitur from this Court in the case, on the 22d of July, 1867, the District Court issued a writ of possession, which was delivered to the Sheriff, but the Sheriff declined to execute it, on the ground that he had already turned out the defendants under the writs in the said cases of *Fitzgibbon* v. *Quinn*, and *Pell* v. *Carroll*, and placed said Fitzgibbon and Pell in possession, and that they were now in possession upon a title adverse to both the plaintiff and defendants in this action; and that, as they were not parties to the action, their rights were not affected, and they were not liable to be turned out

under the writ. Proceedings were taken to compel the execution of the writ, which failed. An *alias* writ was issued on the 23d of January, 1868, which the Sheriff refused to execute for like reasons, and the plaintiff thereupon applied to the District Court for an order to compel the Sheriff to execute the writ. The application was heard upon the record and affidavits and counter affidavits of the parties, and after consideration the Court made an order requiring the Sheriff to execute the writ in accordance with its commands, and put the plaintiff in possession of the land; and the Sheriff appeals from the order.

We have no doubt of the propriety of the order. The respondents charge, and upon the facts disclosed by the record, we are satisfied, that the judgments obtained, and the proceedings had under them, in the two cases brought by Fitzgibbon and Pell against Quinn and Carroll, were collusive between the parties to those actions, and for the purpose of evading the writ, and depriving the plaintiff of the fruits of his judgment in this action. Collusion is nowhere directly or squarely denied in the respondents' affidavits. They say, it is true, that they are in possession, claiming adverse to both parties, and for themselves, and not for Carroll and Quinn; but this is evasive, and does not meet the issue. They nowhere aver that they have a good title in fact. The allegations on this point are loose and evasive. It appears that on the 22d of April, 1867, Pell and Fitzgibbon took the quitclaim deed from one Lynch of the respective tracts which they recovered, and within a very few days afterward commenced their suits. This is the only title they pretend to have. It is nowhere shown that Lynch had any title. It is said he *claimed* a title founded on possession; that is all. Upon this they claim to have recovered. The deed was taken, the actions brought, judgment recovered against defendants, and executed by putting the plaintiffs, respectively, in possession within a few days after the judgment in *Wetherbee* v. *Dunn* was affirmed, and while the remittitur was stayed. The circumstances required expedition, and

the proceedings were without opposition and altogether too expeditious, under the circumstances, to indicate good faith. Fitzgibbon is shown to be a brother in law of the defendant Quinn, whom he was so vigorously prosecuting, and Carroll appears from the affidavit of Corbett to be acting in concert with Pell, who was also vigorously prosecuting him, and facilitating the obtaining of possession of the premises under his judgment. There is some attempt, it is true, to break the force of Corbett's affidavit, but the whole atmosphere and circumstances surrounding these transactions indicate that these judgments and the possession under them were collusively obtained for the purpose of evading plaintiff's writ.

In *Leese* v. *Clark*, 29 Cal. 671, we said: "*Prima facie* all who come into possession after action brought must go out, for the presumption is, nothing to the contrary appearing, that they came in under the *defendant*. This presumption is not overthrown by showing that they came in as tenants of John Clark, without showing affirmatively that John Clark also came in before suit brought, *or, at least, that he has come in under a title adverse to that of the defendant, not in collusion with him*, and under such circumstances as would entitle him to the protection of the Court, on a proper application, against the writ." The word "*defendant*," where it occurs the *second* time in the foregoing extract, by a typographical error reads "*plaintiff*" in the report. (Page 671.) It should be defendant in the report, not plaintiff. We have corrected the error once before, (*Mayne* v. *Jones*, 34 Cal. 487,) but as counsel still quote it as printed, we call attention to it again, and suggest that attorneys make the correction in their volume of reports. We also said in that case, that "the fruits of a successful litigation cannot be wrested from the prevailing party, and the process of the Courts evaded, upon a mere *claim* set up under suspicious circumstances, resting upon affidavits alone, unless the case made by that kind of proof is reasonably certain." (34 Cal. 672; see also *Mayne* v. *Jones*, 34 Cal. 484.) In this case there is no title, or fact showing

title, directly averred anywhere by respondents, in themselves or Lynch, who quitclaimed to them under the circumstances stated. There is a loose statement of a claim of title only. The entry, notwithstanding it was made under cover of legal process, appears to us to have been collusive, by means of judgments hastily and collusively obtained for the purpose, by persons shown to be friendly to the defendants, after the judgment in the action in which this proceeding was taken was affirmed, and when there was no hope left of avoiding the result in any other mode.

We are satisfied that the writ ought to be executed. If the parties resisting the application in the name of respondents could succeed upon the case as presented by this record, there would be little difficulty in evading the process of the Courts in all cases of the recovery of lands, and such actions would become nugatory.

The parties in possession came in under Pell and Fitzgibbon, and stand in no better position than they. If they have any rights in the premises, they must be vindicated in an action brought for that purpose, in which their title may be investigated.

They have not shown a *prima facie* case to justify a refusal by the Court to execute its process in this case.

Order affirmed, and remittitur directed to issue forthwith.