[No. 3117.]

## THE CALIFORNIA QUICKSILVER MINING COMPANY *v.* REDINGTON ET AL.

WRIT OF RESTITUTION.—A party who is removed from the possession of real estate by virtue of a writ of restitution issued on a judgment in ejectment, and who moves to be restored to the possession on the ground that he was not a party to the action, must make out a clear case, free from ambiguity.

APPEAL from the District Court, Sixth Judicial District, County of Yolo.

On the 27th of July, 1870, the California Quicksilver Mining Company commenced a suit in said court against Charles Livermore, Horatio Livermore, Frank Mahon, William Cook, Daniel Murphy, —— Cleary, John Doe, Richard Roe, and John Stiles, to recover possession of a cinnabar mine. The plaintiff, on the 25th of January, 1871, recovered a judgment against Charles Livermore, Frank Mahon, and John Cherry, and on the 28th day of February, 1871, procured a writ of restitution thereon, which was placed in the hands of the sheriff, who, on the 4th of March, 1871, removed from the mine John H. Redington, Michael Meara, and Bernard Aidlecamp. The defendants, in their answer, claimed that neither Mahon nor Cherry owned any interest in the demanded premises, and that Livermore owned an undivided one-fifteenth. Redington, Meara, and Aidlecamp moved to be restored to the

possession, and introduced affidavits tending to show that Redington owned eleven undivided fifteenths, and Meara and Aidlecamp three undivided fifteenths of the mine, and that Livermore owned one undivided fifteenth, and that the defendants Mahon and Cherry were merely employed to work on the mine. The court denied the motion, and the moving parties appealed.

*C. A. Tuttle,* for the Appellants.

*Catlin & McFarland,* for the Respondents.

By the Court, CROCKETT, J.:

In an action of ejectment, brought by the California Quicksilver Mining Company against Livermore, Mahon and Cherry, to recover a cinnabar mine, judgment was entered for the plaintiff, on which a writ of restitution was issued, under which, it is claimed, Redington, Meara and Aidlecamp, who were not parties to the action, were removed from the mine, and they afterwards moved upon affidavits to be restored to the possession. The motion was resisted upon counter affidavits, and was denied by the court, and the moving parties appeal from the order denying the motion.

It is incumbent on a party seeking relief in a summary proceeding of this character to make out a clear case, free from ambiguity. A plaintiff in ejectment who recovers a judgment, perhaps after a protracted and expensive litigation, ought not to be deprived of the fruits of it, except in a case free from all reasonable doubt. The opportunity for collusion is so great, and the fraud is often so difficult of detection, that courts are reluctant to grant such relief on *ex parte* affidavits, except in cases clearly made out, and free from any reasonable suspicion of fraud or collusion.

Recognizing this as a sound and salutary rule, we think the moving parties have failed to make out so clear a case as entitles them to relief by this summary process. If Redington and his associates are bound by the judgment in the ejectment suit, they ought not to be restored to the posses-

sion. On the other hand, if they are not bound by the judgment, they can have their action in the ordinary form to recover the possession; and, under the circumstances disclosed in the affidavits, we think they should be restricted to that remedy.

Order affirmed. Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.