[No. 15560.   Department One.—April 3, 1895.]

JAMES W. GOODWIN, RESPONDENT, *v.* JOSEPH
SCHEERER ET AL., APPELLANTS.

EJECTMENT—POSSESSION OF PLAINTIFF—EVIDENCE OF OWNERSHIP.—In an
action of ejectment, the possession of the land in controversy by the
plaintiff prior to the intrusion of the defendant is, in the absence of
any evidence in support of the defendant's right to the possession, suf-
ficient to authorize a judgment of recovery.

ID.—PROOF OF PRESCRIPTIVE TITLE—BURDEN OF PROOF.—If the plaintiff
shows that his possession has been continued for a period long enough
to bar an action for recovery he establishes a title by prescription, and,
upon such proof, the burden is thrown upon the defendant to show his
right to retain the possession.

ID.—POSSESSION OF MISSION CREEK LAND—LEASE FROM CITY TO DEFEND-
ANT—FAILURE TO PROVE TITLE.—In an action by a plaintiff, who, for
more than five years, was the possessor of a parcel of land, claimed by
the city of San Francisco, against a defendant who took forcible posses-
sion of the land, claiming under a lease from the city of San Fran-
cisco, and also against the city and county of San Francisco, where the
only proof for the defendants was oral testimony of the lease from
the city to the intruder, without proof of the lease, and without any
evidence given in support of the right of the city to make the lease,
except the oral testimony of a witness that the property was part of
the Old Mission, or Channel, creek land reclaimed by the city, and
that it had always been understood that it was city property, there is
not sufficient proof of any title or right of possession in the defend-
ants, and the plaintiff is entitled to a recovery of the lands.

ID.—JUDICIAL NOTICE—PUEBLO LANDS.—The court cannot take judicial
notice in an action of ejectment that the land in question is part of the
pueblo lands which were confirmed to the city of San Francisco by
the decree of the circuit court of the United States; nor can the court
judicially know that the defendant's claim to the demanded land is
derived through the decree of the circuit court.

ID.—POSSESSION UNDER VAN NESS ORDINANCE—PRESUMPTION—BURDEN
OF PROOF.—There is no presumption that any portion of the land covered
by the Van Ness ordinance was or was not in the actual possession of
any one during the period provided for in the ordinance; but, in any
legal proceeding in which the fact whether a particular parcel of land
was or was not then held in actual possession becomes material, it must
be established by that party who relies upon the fact as an affirmative
issue in support of his claim or defense.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco, and from an
order denying a new trial.

The facts are stated in the opinion of the court.

*City and County Attorney Harry T. Creswell,* for Appellants.

The land in dispute is part of Old Mission, or Channel, creek land, reclaimed by the city and county of San Francisco, and therefore is a part of the pueblo land of San Francisco. (*United Land Assn.* v. *Knight,* 85 Cal. 475; decisions of secretary of interior in *In re Survey of Pueblo Lands,* March 3, 1881, and July 12, 1883.) The lands confirmed to the city of San Francisco by decree of the circuit court of the United States, entered on the eighteenth day of May, 1865, was a confirmation in trust for the benefit of lot-holders under grants from the pueblo, or its successor, the city of San Francisco, and as to any residue it was a confirmation in trust for the use and benefit of the inhabitants of the city. (*Baker* v. *Bricknell,* 87 Cal. 329; *Hart* v. *Burnett,* 15 Cal. 530; *San Francisco* v. *Canavan,* 42 Cal. 541; *Board of Education* v. *Martin,* 92 Cal. 216; *Townsend* v. *Greeley,* 5 Wall. 326; *Grisar* v. *McDowell,* 6 Wall. 364; *Palmer* v. *Low,* 98 U. S. 16; *Trenouth* v. *San Francisco,* 100 U. S. 253.) Land set aside or dedicated to public use cannot be acquired by adverse possession; plaintiff's grantors never could have acquired title to this particular lot of land, and therefore plaintiff in this action could never have established a clear and good title, or any title whatever, vesting the fee of this property in himself. (*Hoadley* v. *San Francisco,* 50 Cal. 265; *County of Yolo* v. *Barney,* 79 Cal. 375; 12 Am. St. Rep. 152; *San Francisco* v. *Itsell,* 80 Cal. 59; *Visalia* v. *Jacob,* 65 Cal. 436; *People* v. *Pope,* 53 Cal. 437, 451; *Board of Education* v. *Martin, supra;* 2 Dillon on Municipal Corporations, 674.) It devolved on plaintiff to affirmatively show that the city and county of San Francisco had not reserved these particular premises for public parks, streets, sites for schoolhouses, city hall, or other public building. (*San Francisco* v. *Le Roy,* 138 U. S. 656.)

*J. W. Goodwin,* in propria persona, and *George T. Wright,* for Respondent.

Plaintiff proved that his grantors were in possession for over five years, from April and July, 1885, until December, 1890, paying taxes and claiming ownership of the property during all that time. This evidence was sufficient to prove a fee simple title upon which plaintiff could rest. (*Keane* v. *Cannovan,* 21 Cal. 293; 82 Am. Dec. 738; *Baum* v. *Reay,* 96 Cal. 462; Civ. Code, sec. 1006; *Harland* v. *Eastman,* 119 Ill. 26; *Ward* v. *McIntosh,* 12 Ohio St. 231; *Currier* v. *Gale,* 9 Allen, 522; *Finch* v. *Alston,* 2 Stew. & P. 83; 23 Am. Dec. 299; *Wendell* v. *Blanchard,* 2 N. H. 456; Newell on Ejectment, sec. 13; Greenleaf on Evidence, 14th ed., secs. 14, 17, 311.) As plaintiff proved a *prima facie* case, entitling him to the demanded premises, the burden rested upon the defendants to overcome this evidence if they could. (*Enos* v. *Cook,* 65 Cal. 178.) It was not incumbent upon the plaintiff to prove that the land had not been dedicated to a public use. (*Ames* v. *City of San Diego,* 101 Cal. 390; *San Francisco* v. *Calderwood,* 31 Cal. 585; 91 Am. Dec. 542; *San Francisco* v. *Straut,* 84 Cal. 124.) The rule is well settled, in actions of ejectment, that proof of possession of land, by a party claiming to be owner, is *prima facie* evidence of title and seisin of the inheritance. It is sufficient, therefore, for plaintiff in a suit in ejectment, in order to make out *prima facie* proof of title, to trace his title back to an immediate or remote grantor who was in possession claiming ownership. (Newell on Ejectment, sec. 13, and authorities cited; *Ward* v. *McIntosh, supra; Harland* v. *Eastman, supra; Currier* v. *Gale, supra; Finch* v. *Alston, supra; Wendell* v. *Blanchard, supra;* Greenleaf on Evidence, 14th ed., secs. 14, 17, 311.)

Harrison, J.—Ejectment for certain lands in the city and county of San Francisco. The cause was tried

by the court without a jury, findings of fact were waived, and judgment rendered in favor of the plaintiff. A motion for a new trial was denied, and from this order and the judgment the defendants have appealed.

The evidence offered by the plaintiff showed that his grantors had been in the undisturbed possession and occupancy of different parcels of the land described in the complaint—one of them from April, 1885, and the other from July, 1885, until December, 1890—when the defendant Scheerer took forcible possession of the entire land and ousted them therefrom, and remained in possession until after the commencement of this action. The action is brought against Scheerer and the city and county of San Francisco. The defendant Scheerer testified that a short time before taking possession he had obtained a lease of the property from the board of supervisors of the city, and had been put in possession thereof by the deputy superintendent of streets. The lease itself was not offered in evidence, nor was there any evidence given in support of the right of the city to make the lease, except the testimony of one of the witnesses that the property is a part of the Old Mission, or Channel, creek land, reclaimed by the city, and that it had been always understood that it was city property.

It is contended by the appellant that it was incumbent upon the plaintiff to show that the land had not been reserved by the city for public use, and that, as no such evidence was given, the plaintiff was not entitled to judgment. The reasons urged in support of this proposition are that the court should take judicial notice that the land in question is a part of the pueblo lands which were confirmed to the city of San Francisco by the decree of the circuit court of the United States, May 18, 1865, and that as such confirmation was "in trust for the benefit of all lot-holders under grants from some competent authority, and as to any residue in trust for

the use and benefit of the inhabitants of the city," it is incumbent upon a claimant in ejectment against the city for any of the lands within the limits of the pueblo to show that such lands had not been granted or reserved, and that a failure to show these facts is fatal to the action, even though the evidence on behalf of the plaintiff is, in other respects, sufficient to establish his right of recovery. It would be carrying the rule of judicial notice farther than it has ever been carried to hold that the knowledge of the court includes the precise lines upon the surface of the earth which define the boundaries of a patent, or that any particular parcel of land is within or without those boundaries, or that any designated tract of land within the city and county of San Francisco is a portion of the lands which were confirmed to the city by the terms of the aforesaid decree. The boundaries of the city and county of San Francisco include a large quantity of territory that is not included within the limits of the pueblo grant; and within the limits of the pueblo grant, as confirmed by the decree, are many other tracts of land for which patents have been granted by the United States upon confirmed Mexican grants, and whose title is independent of the city and of the pueblo claim. The city has itself become the owner by purchase of different parcels of these lands, and its title thereto is in no respect connected with the confirmation of the pueblo claim. Since the entry of the decree by the circuit court confirming this claim the United States has itself granted to the city a portion of the lands which had been reserved by the decree for military purposes. (Act of July 1, 1870; 16 U. S. Stats. 186.) The rule contended for by the appellant would require us to hold that, in any action of ejectment against the city and county of San Francisco, the court may determine, without the introduction of any evidence, that the land in controversy is not only within the limits of the patent for the pueblo claim, but also that the city's claim to the demanded land is de-

rived through the decree of the circuit court. Such a
rule of evidence finds no support either in principle or
in precedent. The city is not precluded from acquiring
land from other sources, and it has become the owner
of different parcels of land by exchanging its own lands
for those of other owners, as well as by purchase and by
donation. (See San Francisco Municipal Reports,
1867–68, pp. 459–63; also Stats. 1868, p. 60.) In an
action by the city and county, as plaintiff, to recover
possession of a parcel of land from the occupant, it
would not be contended that she could rest her case
upon her complaint, and that the burden would be upon
the defendant to show that she was not entitled to a
judgment of recovery. If no evidence were introduced
in the case the court would not be justified in giving
judgment against the defendant upon the theory that by
virtue of its judicial knowledge the demanded land was
established to be a part of the pueblo claim which had
never been granted by any competent authority. The
same rule must obtain when the city and county is a
defendant, and the plaintiff has introduced evidence
sufficient, in the absence of any evidence on her part, to
entitle him to a recovery. The possession of land is
itself *prima facie* evidence of ownership, and in an
action of ejectment proof of such possession prior to
the intrusion of the defendant is, in the absence of any
evidence in support of the defendant's right to posses-
sion, sufficient to authorize a judgment of recovery. If
the plaintiff shows that such possession has been con-
tinued for a period long enough to bar an action for the
recovery he establishes a title by prescription. (Civ.
Code, sec. 1007.) Upon such proof the burden is
thrown upon the defendant to show that his right to
retain the possession has not been overcome. After the
plaintiff had shown in the present case that his grant-
ors had been in quiet and undisturbed possession of
the lands in controversy for a period of more than five
years, and had been forcibly dispossessed by the defend-
ant, Scheerer, he was entitled to a judgment in his favor,

unless the defendants should offer evidence in support of their claim to retain the possession. The defendants, however, offered no evidence in support of such claim, nor did they offer any evidence of the character of the title claimed by the city, or even that it claimed any title to the land, except as it may be inferred from the statement that it had made a lease to Scheerer.

It is, moreover, contended on the behalf of the appellants that it was incumbent on the plaintiff to show that the land in question was in the possession of some one at the date of the Van Ness ordinance; otherwise, the land was a portion of the "residue," which, by the decree of the circuit court, was confirmed to the city in trust for the use and benefit of its inhabitants. The appellants have not, however, in their assignments of error, specified any insufficiency of evidence in this respect, their specification being that there is no evidence to show that the city "has not reserved the premises described in the amended complaint for public parks, streets, sites of schoolhouses, city hall, or other public building." Waiving the question, however, whether this objection is available to the appellants, we are of the opinion that the contention itself is untenable. If, as is claimed by them, the premises are within the territory covered by the Van Ness ordinance, the reservations provided for by that ordinance are only those which are delineated upon the map or plan provided for therein, which was subsequently ratified and confirmed by the state. (Stats. 1858, p. 56.) It is not claimed by the appellants that the land in controversy is delineated upon this map as one of the reservations thus made by the city; and, by the terms of that ordinance, the city granted all its right to the lands embraced within this territory, subject to those reservations, to the parties who were in the actual possession thereof on or before the first day of January, A. D. 1855, and who had continued in possession until the introduction of the ordinance. There is no presumption that any portion of the land covered by the ordinance

was or was not in the actual possession of any one during this period; but, in any legal proceeding in which the fact whether a particular parcel of land was or was not then held in actual possession becomes material, it must be established by that party who relies upon the fact as an affirmative issue in support of his claim or defense.  (Code Civ. Proc., sec. 1981.)

The judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.