[S. F. No. 1130.     Department One.—June 20, 1899.]

E. V. SCHEERER, Appellant, v. JAMES W. GOODWIN et al., Respondents.

EJECTMENT—WRIT OF RESTITUTION—AUTHORITY OF SHERIFF.—Under a writ of restitution issued upon a judgment for the plaintiff in an action of ejectment, the sheriff is authorized to remove from the land the defendants and all persons found thereon, whose possession was derived under the defendants or either of them.

ID.—PRESUMPTION AS TO POSSESSION UNDER DEFENDANTS—BURDEN OF PROOF—POSSESSION UNDER STRANGER.—The burden of proof is upon all persons coming into possession subsequent to the commencement of the action of ejectment to show affirmatively that their possession is rightful, and under a title not determined in the action, and was not taken by collusion with the defendants; and, in the absence of a showing to the contrary, it will be presumed that they came in under the defendants. This presumption is not overthrown by showing that they came in under a stranger to the action, unless it is also shown that such stranger was in possession at or prior to the commencement of the action.

ID.—INJUNCTION AGAINST EXECUTION OF WRIT—ABSENCE OF TITLE—COLLUSIVE ENTRY.—An injunction cannot be maintained to enjoin the execution of the writ of restitution, in favor of a possessor claiming under a deed from a third person dated prior to the commencement of the action of ejectment, where it appears that such third person had no title to the premises, and merely had a conveyance from a defendant in ejectment after he had parted with his rights, and which was intended as a security for indebtedness; and that the entry of the plaintiff in the injunction suit, after the commencement of the action of ejectment, was by collusion with the defendant in that action, with intent to deprive the plaintiff therein of the fruits of his judgment.

ID.—EVIDENCE—POSSESSION OF GRANTOR—IMPEACHMENT.—Where the defendant in the ejectment suit testified for the plaintiff in the injunction suit that he had delivered the possession of the premises to the plaintiff's grantor prior to the commencement of the ejectment suit, he may be impeached by proof that on the trial of the ejectment suit he testified that he himself had been in possession of the premises for about two years under a lease from the city, which lease described the premises in controversy, and was the only lease he had taken from the city.

ID—ADVISORY VERDICT OF JURY—INSTRUCTIONS NOT SUBJECT TO EXCEPTION.—In an equitable action for an injunction, the verdict of a jury is merely advisory; and though the court, in its findings of fact, adopts the conclusion of the jury, its instructions to the jury are not the subject of an exception.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Charles G. Nagle, and Nagle & Nagle, for Appellant.

Edward R. Taylor, for James W. Goodwin, Respondent.

Reddy, Campbell & Metson, for Richard I. Whelan, Sheriff, Respondent.

HARRISON, J.—The defendant Goodwin brought an action in ejectment against Joseph Scheerer and the city and county of San Francisco in 1892, in which judgment was rendered in his favor December 30, 1892, from which an appeal was taken and the judgment affirmed in this court. (*Goodwin v. Scheerer*, 106 Cal. 690.) After the *remittitur* had been filed in the superior court he caused a writ of restitution to be issued upon the judg-

ment, and while the sheriff was in the execution of this writ the plaintiff herein brought the present action against him and the sheriff for an injunction against its execution, and for damages, upon the ground that he was in possession of the property and the owner thereof. Upon the trial of the cause, the court found that the plaintiff had never been the owner of the property, and that his possession thereof was taken by collusion with Joseph Scheerer, his father, for the purpose of evading the force of the aforesaid judgment. Judgment was accordingly rendered in favor of the defendants, from which the present appeal is taken.

Under the judgment in the action of *Goodwin v.Scheerer,supra,* the sheriff was authorized to remove from the land the defendants in that action, and all persons found thereon whose possession was derived under the defendants therein, or either of them; and, in the absence of any showing to the contrary, it will be presumed that all persons coming into possession of the premises subsequent to the commencement of that action came in under the defendants therein. This presumption is not overthrown by showing that they came in under a stranger to the action, unless they also show that such stranger was in possession at or prior to the commencement of the action, or was entitled to the possession by virtue of a title adverse to that of the plaintiff in the action, which the court would be authorized to protect against the enforcement of the judgment. Upon the issue of their right to remain in possession the burden is upon them to show affirmatively that their possession is rightful and under a title that has not been determined in the action, and that such possession was not taken by collusion with the defendants in the judgment. (*Long v. Neville,* 29 Cal. 131; *Leese v. Clark,* 29 Cal. 664; *Wetherbee v. Dunn,* 36 Cal. 147; 95 Am. Dec. 166.)

The findings of the court that the plaintiff never had any interest in the land, and that his entry upon the land was by collusion with his father for the purpose of evading the judgment against his father, necessitated a judgment in favor of the defendants. We are of the opinion, moreover, that the evidence before the court authorized it to make these findings.

The plaintiff's claim of title to the land rests upon a conveyance to him by one Freund, and he can have no right to resist

the execution of the writ by virtue of this conveyance, unless Freund could himself have resisted the writ. Freund's rights in the property are based upon a deed made to him by Joseph Scheerer, in July, 1891, but Joseph Scheerer could convey no greater rights than he himself then had in the land. He testified that in 1875 he "bought out" the contracting firm of Brunt & Thurston, but there is nothing in the record showing that Brunt & Thurston had any possession of the premises or interest in the land, and it was shown that in December, 1890, Joseph Scheerer took a lease of the land from the city and county of San Francisco for the term of three years from that date; and, in the absence of any other evidence on the point, his possession thereafter would be referable to this lease. In February, 1891, he sold and assigned to the "Joseph Scheerer Company, a corporation," this lease, together with all his right and interest in the property described in the lease, so that at the date of his deed to Freund he had no interest in the property which he could transfer to him. The court was also authorized to find from the testimony of Freund that the conveyance to him by Scheerer was merely a security for Scheerer's indebtedness to him.

The court was also authorized to find that the subsequent entry of the plaintiff was collusive and fraudulent. He testified that he had never heard of the suit of *Goodwin v. Scheerer, supra,* or of his father's litigation with the city, but it was shown that he was present in court during a portion of the trial of that action. He also testified that he did not know whether his father ever occupied or was in possession of the property, but he admitted that he had been working for his father for several years, and had been living with him during all the time. The case of *Goodwin v. Scheerer, supra,* was argued in the supreme court in February, 1895. March 16, 1895, the plaintiff took a bill of sale from the "California Paving Co." of all the personal property upon the lot. This bill of sale purported to be for the sum of fifteen hundred dollars, but he testified that it was given to him for wages due him from the paving company. His father, as president, of the paving company, executed the bill of sale to him, and he testified that he then agreed with his father that the company could remain there without any charge for rent, if they desired it, and as long as they chose, but that he made no agree-

ment on the subject with the company, and that the company continued to use the premises for its business. His father was the president and general manager of the company, and Freund was also a member and one of the directors of the paving company; but the plaintiff testified that he did not know whether he was the secretary of the company at that time or not. The judgment in *Goodwin v. Scheerer, supra,* was affirmed in this court April 3, 1895, and in the ordinary course of procedure the *remittitur* thereon would issue on the 3d of May. On May 1st the plaintiff received his deed from Freund and assumed control of the property. The observations of the court in *Wetherbee v. Dunn, supra,* are appropriate here: "We are satisfied, as the court below must have been, that this case presents another instance of an indirect effort through other parties to evade the process of the court and deprive the plaintiff in an action to recover land, after a long and successful litigation, of the fruits of his judgment."

Joseph Scheerer testified that he had not been in possession of the land since he gave the deed to Freund; that at that time he delivered the possession over to Freund. Upon cross-examination his testimony at the trial of the action of *Goodwin v. Sheerer, supra,* was called to his attention, and the plaintiff objected thereto on the ground that, as he was not a party to that action, he could not be bound by the judgment or proceedings therein. The court overruled his objection, to which an exception was taken, and allowed the witness to be questioned thereon. It was competent upon the cross-examination of this witness, for the purpose of impeaching his testimony that he had delivered the possession to Freund, to show that he had given contrary testimony at the former trial. It is true that the judgment in that action would not be evidence against the plaintiff herein that Joseph Scheerer was in possession of the land at the time that action was brought, but it was competent to show as a fact herein that he was at that time in possession, and, if such fact could be shown, the judgment would be binding upon all persons thereafter coming in under him. It appeared that at the former trial he testified that he took possession of the premises about two years previously thereto under a lease from the city; that he was

then put into possession by the superintendent of streets, and had been there ever since. Upon this testimony being called to his attention he said that it referred to other property than that involved herein, but it was shown that the property described in the lease was the same as that described in the complaint in this action, and also in the complaint in the action of *Goodwin v. Scheerer, supra;* and the witness also testified that this was the only lease that he had ever taken from the city. Under this evidence the court was fully authorized to find that he was in the possession of the land at the time of the former action, and, under its finding that the entry of the plaintiff herein was under him, he was bound by the judgment in that action.

The action herein is in equity, but the court called in a jury to aid it in its decision, and a verdict was rendered by the jury in favor of the defendants. It does not appear that there were any special issues submitted to the jury. The court, however, made its findings of fact, in which it adopted the conclusion of the jury. The appellant has objected to certain instructions given to the jury, but, as the verdict was merely advisory to the court, these instructions are not the subject of an exception. (*Richardson v. Eureka,* 110 Cal. 441.)

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.